# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0414, <u>In the Matter of Anthony Henderson and Natasha Chirichiello</u>, the court on October 1, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal and has determined to resolve the case by way of this order.  See <u>Sup. Ct. R.</u> 20(2).  The petitioner, Anthony Henderson, appeals order(s) of the Circuit Court (<u>Prevett</u>, J.), issued following hearing(s), relative to the parties' parenting matter.  On appeal, the petitioner advances numerous undeveloped arguments alleging a laundry list of purported constitutional, contractual, corporate, "common law," and other violations.  We affirm.

Among other things, the petitioner specifically alleges that the trial judge was biased and should have disqualified himself from the case based on a variety of purported misconduct, including conspiring against the petitioner, "willfully forfeit[ing] the corporate charter of the town," and committing "treason."  We disagree.  Based upon our review of the record, there is no evidence supporting the petitioner's allegations; accordingly, we cannot conclude that a reasonable person would have questioned the trial judge's impartiality.  See <u>Sup. Ct. R.</u> 38, Canon 2.11; <u>State v. Bader</u>, 148 N.H. 265, 270-71 (2002) (observing, among other things, that adverse rulings alone do not render a judge biased).

As the appealing party, the petitioner has the burden of demonstrating reversible error.  <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014); <u>see also</u> <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003) (explaining that issues raised without developed legal argument do not warrant appellate review).  Based upon our review of the trial court's order(s), the petitioner's remaining challenges to them, the relevant law, and the record submitted on appeal, we conclude that the petitioner has not demonstrated reversible error and affirm the court's decision(s).  See <u>Gallo</u>, 166 N.H. at 740; <u>Sup. Ct. R.</u> 25(8).  Lastly, we note that any issues raised in the petitioner's notice of appeal that were not briefed are waived.  See <u>In re Estate of King</u>, 149 N.H. 226, 230 (2003).

<u>Affirmed</u>.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**